UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 13, 2005
Decided December 14, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3217

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 05-CR-26-C-01 |
| RAYMOND W. HANSON, JR., *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

When Raymond Hanson, Jr., no longer could afford to purchase methamphetamine to feed his addiction, he learned how to manufacture the drug himself. For the next two years he "cooked" for himself and others who provided him the necessary ingredients. In February 2005, a grand jury charged Hanson with conspiracy to manufacture, distribute, and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Hanson pleaded guilty pursuant to an agreement that called for his continued cooperation with the government's investigation, and the district court, relying on the presentence report over Hanson's objection, calculated a guideline imprisonment range of 168 to 210 months. The court initially sentenced Hanson to 180 months' imprisonment and

three years' supervised release but, after Hanson timely filed a notice of appeal, purported to reduce the prison term to 135 months on the government's postjudgment motion under Fed. R. Crim. P. 35. Hanson's appointed counsel now moves to withdraw because she cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's submission is facially adequate, and Hanson has not responded to our invitation under Circuit Rule 51(b) to comment on counsel's motion. We therefore limit our review to potential issues identified in counsel's submission. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Counsel first informs us that Hanson does not wish to take back his guilty plea, so she correctly avoids any discussion of the plea colloquy or the voluntariness of Hanson's plea. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel then considers whether Hanson might challenge the district court's application of a two-level upward adjustment under U.S.S.G. § 3B1.1(c) for acting as "an organizer, leader, manager, or supervisor." A defendant's role in the offense is a question of fact reviewed only for clear error. *United States v. Frazier*, 213 F.3d 409, 417 (7th Cir. 2000). Section 3B1.1 punishes more severely those defendants who bear a greater responsibility for an offense relative to other participants, *United States v. Gracia*, 272 F.3d 866, 876–77 (7th Cir. 2001), and in this case the district court concluded that Hanson was more culpable than his coconspirators even though he did not fit the stereotypical view of the leader of a criminal operation. As the court noted, Hanson was the "cook" and controlled the manufacturing process. He directed others to purchase the necessary raw materials and in return traded them finished product at exchange rates he set. We thus agree with counsel that it would be frivolous for Hanson to argue that the district court committed clear error in imposing the adjustment.

Counsel also concludes that it would be frivolous to argue that Hanson's prison sentence is unreasonable, though she misunderstands which term is before this court. Counsel analyzes the district court's purported 135-month sentence and concludes that term is reasonable because it falls within the properly calculated advisory guideline range. But the district court's attempt to reduce Hanson's sentence was entered after Hanson filed his notice of appeal and therefore has no effect. *See United States v. Turchen*, 187 F.3d 735, 743 (7th Cir. 1999) (explaining that district court lacks jurisdiction to rule on Rule 35(b) motion after notice of appeal has been filed). The only term of imprisonment that would be before this court for review is the district court's original sentence of 180 months; that term is presumed reasonable because it falls within the properly calculated advisory guideline range. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). And since counsel is unable to articulate any basis for rebutting that presumption, an argument that the term is not reasonable would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS this appeal, but REMAND the case to the district court so that it may vacate its ruling on the government's Rule 35 motion and the amended judgment issued on August 22, 2005. The district court will be free to take up the government's motion again on remand.